QUINCE, J.
This case is before the Court for review of the decision of the First District Court of Appeal in City of Jacksonville v. Smith, 159 So.3d 888 (Fla. 1st DCA 2015). In its decision, the district court ruled upon the following question, which the eourt certified to be of great public importance:
MAY A PROPERTY OWNER MAINTAIN AN ACTION PURSUANT TO THE HARRIS ACT IF THAT OWNER HAS NOT HAD A LAW, REGULATION, OR ORDINANCE DIRECTLY .APPLIED TO THE OWNER’S PROPERTY WHICH RESTRICTS OR LIMITS THE USE OF THE PROPERTY?
Id. at 895. We originally accepted jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The one-year statute of limitations for Bert Hands Act claims has expired for all plaintiffs similarly situated to Petitioners with claims which accrued prior to the October 2015 effective date of the 2015 amendment to the Act. See § 70.001(11), Fla. Stat. (2012); ch. 2015-142, § 1, Laws of Fla. Although we previously denied Respondent’s Suggestion of Mootness, we discharge jurisdiction because the certified question is not likely to recur. See Holly v. Auld, 450 So.2d 217, 218 n.1 (Fla. 1984).
It is so ordered.
LABARGA, C.J., and CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS, J., dissents.